**NIX, PATTERSON & ROACH, L.L.P.**
DEREK T. GILLILAND (*pro hac vice*)
dgilliland@nixlawfirm.com
EDWARD CHIN (*pro hac vice*)
edchin@me.com
CHRISTIAN HURT (*pro hac vice*)
christianhurt@nixlawfirm.com
KIRK VOSS (*pro hac vice*)
kirkvoss@me.com
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

– and –

Lewis E. Hudnell, III (CASBN 218736)
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.7720
Facsimile: 347.772.3034
Email: lewis@hudnelllaw.com

ATTORNEYS FOR PLAINTIFF
COLLABORATIVE AGREEMENTS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| COLLABORATIVE AGREEMENTS, LLC, D/B/A OUI AGREE<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED, *et al*,<br><br>Defendants. | Case No:   3:15-cv-03853-EMC<br><br>**STIPULATION & ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Judge:  The Honorable Edward Chen |

Upon the stipulation of the parties, the Court ORDERS as follows:

I.  **GENERAL PROVISIONS**

    A.  This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

    B.  This Order may be modified in the Court's discretion or by stipulation.

    C.  As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

    D.  A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

    E.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

    F.  Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

II.  **INFORMATION TO BE PRODUCED**

    A.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

    B.  Within 14 days of completion of Patent L.R. 3-1 and 3-2 disclosures, the parties shall exchange a specific identification of each party's own eight most significant listed e-mail custodians.  The identification of e-mail custodians shall include the area(s) of relevant

1  knowledge as to each custodian.

2      C.    Within 14 days of disclosure of the significant e-mail custodians, the parties shall
3  exchange specific requests that a party produce e-mail in accordance with the following
4  provisions.

5      1.    Email production requests shall be phased to occur after the parties have
6  exchanged initial disclosures and basic documentation about the patents, the prior art, the
7  accused instrumentalities, and relevant financial information. While this provision does
8  not require the production of such information, the Court encourages prompt and early
9  production of this information to promote efficient and economical streamlining of the
10  case.

11      2.    Email production requests shall identify the custodian, search terms, and
12  time frame. The parties shall cooperate to identify the proper custodians, proper search
13  terms and proper timeframe as set forth in the Guidelines.  Each requesting party shall
14  limit its email production requests to a total of five (5) custodians per producing party for
15  all such requests. The parties may jointly agree to modify this limit without the Court's
16  leave. The Court shall consider contested requests for additional custodians, upon
17  showing a distinct need based on the size, complexity, and issues of this specific case.
18  Cost-shifting may be considered as part of any such request.

19      3.    Each requesting party shall limit its email production requests to a total of
20  five (5) search terms per custodian per party. The parties may jointly agree to modify this
21  limit without the Court's leave.  The Court shall consider contested requests for
22  additional search terms per custodian, upon showing a distinct need based on the size,
23  complexity, and issues of this specific case.  The Court encourages the parties to confer
24  on a process to test the efficacy of the search terms. The search terms shall be narrowly
25  tailored to particular issues that are relevant to the claims or defenses in the case.
26  Indiscriminate terms, such as the producing company's name or its product name, are
27  inappropriate unless combined with narrowing search criteria that sufficiently reduce the

28

risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. For example, "computer and system" counts as a single search term; however "computer and (system or drive or disk)" counts as three search terms. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery. The parties agree to meet and confer regarding potential search terms prior to a party collecting and producing emails.

### III. FORMAT OF PRODUCTION

The parties have agreed and shall produce all ESI in accordance with the agreed-upon specifications set forth below:

**A.    GENERAL DOCUMENT IMAGE FORMAT.** Each electronic document shall be produced in text-searchable/OCR'd Tagged Image File Format ("TIFF") or PDF format unless the document cannot reasonably or without undue expense be produced in that format, in which case the document may be produced in native format. TIFF files shall be single page, Group IV, minimum 300dpi TIFF images. PDF files shall be multi-page wherein each multi-page PDF document shall be produced as a single PDF file. The TIFF or PDF images shall be named with a unique production number followed by the appropriate file extension. Load files, such as Concordance load files, shall be provided to indicate the location and unitization of the TIFF or PDF files and ease the loading of the files into the receiving party's document

management system. The document load files shall include fields identifying at least: (1) the beginning and ending Bates numbers for each document; and (2) the DocID (which shall match the beginning Bates number). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI (i.e., the original formatting, the metadata, and, where applicable, the revision history). If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   **B. CONFIDENTIALITY DESIGNATION.** Responsive documents in TIFF or PDF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party of the designation in writing.

   **C. BATES NUMBERING.** All images must be assigned a unique Bates number in the footer that is sequential within a given document.

   **D. PRODUCTION MEDIA.** Documents shall be produced on external hard drives, readily accessible computer(s) or electronic media such as CDs, DVDs, USB drives ("Production Media"); production by FTP rather than on hard media will be acceptable; and production by email is acceptable provided that the receiving party's designated email address for accepting service of the production is used, and the producing party has not received any error or return message indicating that the service email was not received or sent successfully. Each piece of production media should identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the appropriate confidentiality designations in accordance with the Protective Order in this matter.

   **E. PRESENTATIONS.** The parties shall take reasonable efforts to process presentations (e.g., Microsoft PowerPoint) with hidden slides and speaker's notes unhidden, and to show both the slide and the speaker's notes on the TIFF (or PDF) image and/or produce such presentations in their native format pursuant to the terms of native production set forth below.

**F.     SPREADSHEETS.** TIFF images of spreadsheets need not be produced unless redacted, in which instance, spreadsheets will be produced in TIFF (or PDF) format with OCR. Native format copies of spreadsheets should be produced, if available. The parties will make reasonable efforts to ensure that any spreadsheets that are produced only as TIFF or PDF images are formatted so as to be readable.

**G.     PROPRIETARY FILES.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

**H.     REQUESTS FOR NATIVE FILES.** If good cause exists to request production of specified files in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not be unreasonably denied.

**I.     NON-STANDARD FILES.** The parties are encouraged to discuss the format of production of non-standard electronic files, large oversized documents, etc. before production to determine the optimal production format.

**J.     SOURCE CODE.** To the extent relevant to the Litigation, source code will be made available for inspection pursuant to the terms of the Protective Order. The parties agree that the search terms will not be applied to source code.

**K.     REDACTION OF INFORMATION.** Redacted documents and redacted portions of documents are subject to the parties' agreement in the Discovery Order regarding whether certain documents need to be included in a privilege log. The producing party shall retain a copy of the unredacted data within its possession and control and preserve it without modification, alteration or addition to the metadata therewith.

**IV.     PROCESSING OF THIRD-PARTY DOCUMENTS**

A.     A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Stipulation & Order Regarding Discovery of Electronically Stored Information with the

subpoena and state that the parties to the litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

  B. The Issuing Party shall promptly produce any documents obtained pursuant to a non-party subpoena to the opposing party.

  C. Assuming that it is not unduly burdensome or impractical, if the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to the opposing party.

  D. Nothing in this stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third-parties to object to a subpoena.

## V. SEARCHING

  **A. LOCATIONS THAT WILL BE SEARCHED.** The parties will search reasonably accessible electronic files or folders likely to have relevant non-duplicative information pertaining the issues in the case. This includes repositories maintained or accessed by identified Custodians in the ordinary course of business, whether on-premises or off-premises (e.g., in a remote email service, such as Gmail, Yahoo! or Hotmail or other cloud-based storage). The parties agree that storage media and ESI venues that would require the producing party to (1) acquire or purchase software or hardware that it does not have in its possession, custody, or control, and/or (2) retain and pay outside IT/technical advisors or consultants, in order to view or copy the media's or ESI venue's contents is not considered "reasonably accessible" for the purpose of this Order. If such a storage media or ESI venue exists, the producing party will identify the location to the requesting party. The parties agree that any email searches shall be limited to the Custodian's accounts and, to the extent not duplicative, email archives on the Custodian's local machine.

  In addition, nothing in this paragraph shall limit a receiving party's right to request from a producing party more information about the nature of and burden associated with obtaining documents from a particular location.

The parties agree to search central repositories, including central databases, or relevant portions thereof to the extent that the party reasonably anticipates they contain non-duplicative Responsive Documents. The parties agree to meet and confer to limit the scope of production from central repositories if the search of central repositories (or relevant portions thereof) that the producing party anticipates contain Responsive Documents is unduly burdensome or is likely to be unreasonably inefficient in identifying relevant documents. Specifically, the parties recognize that certain repositories, by their nature, may not effectively or reasonably be searched using electronic search strings, and the parties agree to notify each other of any such repositories that contain Responsive Documents. The parties will then meet and confer to discuss the collection of Responsive Documents from such repositories, including potentially using other effective collection methodologies.

**B.     LOCATIONS NOT REQUIRED TO BE SEARCHED.** No party shall be required to search for or produce the following categories of ESI, except when any particular one or more files within any such category are already known to be relevant (i.e., relevant source code) or are attached to or identified in a text file, or when any particular one or more files within any such category are specifically requested by a party: 1) any electronic file that matches the Reference Data Set published by the National Institute of Standards and Technology's National Software Reference Library; 2) system or executable files (.exe, .dll, etc.); 3) audio, video, or audio-visual information (.wav, .mp3, .avi, .swf, etc.); 4) telephonic recordings; 5) unreadable or corrupt files; 6) computer log files or records of a computer-operational nature (e.g., HTTP or CPU logs, but this does not excuse a party from producing summary reports maintained in the ordinary course of business reflecting relevant operational metrics); and 7) any other types subsequently agreed to by the parties. Absent a showing of good cause, voicemails, instant messages, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved. Notebook computers and laptop computers used as the Custodian's local or primary machine are not "mobile devices" for the purpose of this paragraph

**C.     NO OBLIGATION TO SEARCH METADATA.** Without a showing of good

cause, no party shall be obligated to perform an additional search for and produce metadata associated with any electronic document beyond the metadata that shall allow for compliance with the production format contained herein. Metadata includes embedded data about an electronic document, such as date created, author, etc., and does not include the text of the document itself.

      **D.**    **DE-DUPLICATING ESI.** Each party may de-duplicate ESI. If de-duplication is performed, the de-duplicated originals shall be securely retained and made available for inspection and copying upon reasonable request.

      **E.**    **NO BACKUP RESTORATION REQUIRED.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**VI.   MISCELLANEOUS PROVISIONS**

      **A.**    **OBJECTIONS PRESERVED.** Nothing in this protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, burden, or confidentiality of documents and ESI.

      **B.**    Notwithstanding the preceding paragraphs, the parties may later make other agreements for their mutual convenience relating to the form and manner of production. To the extent a producing party believes discovery requests or particular applications of this order may be unduly burdensome or otherwise objectionable under the applicable rules, the parties will meet and confer in good faith as to the necessity for, scope of, and objections to such production before seeking relief from the Court. To the extent a receiving party believes that the production of a document in a format different from that originally produced is necessary to translate the document into a reasonably usable form, the parties will meet and confer in good faith as to the

1 necessity for, scope of and objection to such production before seeking relief from the Court.

2     C.    An agreement by any party to bear or receive the costs of any ESI discovery is an interim agreement subject to modification by a final Taxation Order issued by the Court and shall not prejudice any party's right to seek ESI expenses as taxable costs.

    D.    Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

    E.    Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:                   /s/ Edward Chin  
                            Edward Chin  
                            NIX, PATTERSON & ROACH, L.L.P.  
                            Counsel for Plaintiff

Dated:                   /s/ Jason Wolff  
                            Jason Wolff  
                            FISH & RICHARDSON P.C.  
                            Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:    12/10/15

                        UNITED STATES DISTRICT MAGISTRATE JUDGE



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed in compliance with Local Rule CV-5 and served via the Court's electronic filing system on all counsel who have consented to electronic service on December 9, 2015.

/s/ Jason Wolff
Jason Wolff
FISH & RICHARDSON P.C.